[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this case, the plaintiff claims that the defendant Village Medical Associates, P.C. ("Village Medical Associates") and the defendant Primary and Specialist Medical Center, LLC ("Primary Medical Center") are liable under the doctrine of respondeat superior for the actions of the defendant John M. Christoforo, a physician, who allegedly sexually assaulted the plaintiff during the course of providing him with medical, psychological and psychiatric care. Village Medical Associates and Primary Medical Center have moved to strike all the counts of the complaint asserted against them on the grounds that Christoforo's conduct was so extreme that it cannot have occurred within the scope of the his employment or done to further their businesses.
Village Medical Associates and Primary Medical Center have also moved to strike various individual counts of the complaint on the grounds that CT Page 9261 each fails to state a claim upon which relief can be granted. The plaintiff's revised complaint asserts ten counts against each of the defendants: (1) medical malpractice; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; (4) intentional assault and battery; (5) negligent assault and battery; (6) breach of contract; (7) fraud; (8) negligent misrepresentation; (9) violation of the Connecticut Unfair Trade Practices Act (CUTPA); and (10) violation of the Uniform Commercial Code. Village Medical Associates and Primary Medical Center have each filed a motion to strike the breach of contract, fraud, negligent misrepresentation, CUTPA and Uniform Commercial Code counts asserted against them in the plaintiff's revised complaint.[1]
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Watersv. Autuori, 236 Conn. 820, 826 (1996).
Village Medical Associates and Primary Medical Center seek to strike the plaintiff's entire complaint against them on the grounds that they are not responsible for the tortious acts of Christoforo because the sexual assaults alleged in the complaint can not reasonably be deemed to have been within the scope of his employment or in furtherance of their respective businesses. The plaintiff contends that Christoforo's actions were undertaken while providing medical, psychological and psychiatric services to the plaintiff and could reasonably be found by a trier of fact to be a misguided effort at providing such services.
It is well settled that in order to hold an employer liable for the intentional torts of his employee, the employee must be acting within the scope of his employment and in furtherance of the employer's business.A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 208 (1990). "Ordinarily, it is a question of fact as to whether a wilful tort of the servant has occurred within the scope of the servant's employment and was done to further his master's business. But there are occasional cases where a servant's digression from duty is so clear-cut that the disposition of the case becomes a matter of law." (Citations and internal quotation marks omitted.) Id., 207. "[T]he vital inquiry in this type of case is whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business." Id., 210. CT Page 9262
Village Medical Associates and Primary Medical Center stress the sexual nature of the alleged actions of Christoforo in support of their claim that those actions can not reasonably be viewed as a misguided effort at conducting business. The complaint alleges, for example, that Christoforo engaged in sexual intercourse by the use of force, engaged in sexual intercourse when the plaintiff was mentally defective and physically helpless, engaged in sexual contact by means of deception and without the plaintiff's consent and subjected the plaintiff to sexually suggestive and derogatory comments. Village Medical Associates and Primary Medical Center cite in support of their position a number of court decisions which have found as a matter of law that an employee's sexual activity constituted an abandonment of the employer's business and ceased to further the business of the employer. See, e.g. Guitierrez v. Thorne,13 Conn. App. 493 (1988); Nutt v. Norwich Roman Catholic Diocese,921 F. Sup. 66 (D. Conn. 1995); and Doe v. Hartford Roman CatholicDiocesan Corp., 45 Conn. Sup. 388 (1998).
The flaw in the argument proffered by Village Medical Associates and Primary Medical Center is that the plaintiff's complaint alleges additional tortious actions by the Christoforo that are separate and distinct from sexual misconduct. The complaint also claims that Christoforo provided the plaintiff with excessive amounts of prescription medication, encouraged the plaintiff to misuse samples of prescription medication, caused or aggravated the plaintiff's addiction to prescription medication, and wrongfully withheld medication from the plaintiff. These factual claims involve the practice of medicine and are not so clearly an abandonment of the business of the defendant that this court should strike the entire complaint as a matter of law. If the complaint alleges any facts that would support a cause of action, the motion to strike the entire complaint must be denied. Waters v. Autuori,236 Conn. 820, 826 (1996).
In addition, the complaint alleges that Christoforo inappropriately massaged and fondled the plaintiff for the purported purpose of treating the plaintiff's anxiety disorder. The plaintiff is entitled to attempt to prove to the jury that these actions were a misguided attempt at treatment, rather than an abandonment of the business of the defendants. See Mullen v. Horton, 46 Conn. App. 759 (1997).
Village Medical Associates and Primary Medical Center also assert that the breach of contract, fraud, negligent misrepresentation, CUTPA and Uniform Commercial Code counts asserted against them in the plaintiff's revised complaint should be stricken. The court has previously addressed the precise issues raised by these defendants in a memorandum of decision on a motion to strike filed by the defendant Christoforo. See Smith v.CT Page 9263Christoforo, judicial district of New Haven at New Haven, No. CV99-0425766S (May 10, 2000). It would serve no useful purpose to repeat that discussion here. The court hereby adopts the reasoning of that decision. The motion to strike of the defendant Village Medical Associates is granted with respect to the sixteenth count (breach of contract), nineteenth count (CUTPA) and twentieth count (Uniform Commercial Code) of the plaintiff's revised complaint and the motion to strike of the defendant Primary Medical Center is granted with respect to the twenty sixth count (breach of contract), twenty ninth count (CUTPA) and thirtieth count (Uniform Commercial Code) of the plaintiff's revised complaint.
BY COURT Judge Jon M. Alander